[No. 29373-1-II.   Division Two.   December 9, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v.
BERNARD OTIS HUFF, *Appellant*.

*Linda J. King*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

HUNT, C.J. — Bernard Huff appeals his prison sentence for three counts of illegal sale of cocaine. He argues that (1)

his sentence was based on an offender score that incorrectly included a washed-out Illinois conviction and (2) ineffective defense counsel failed to raise the "wash out" issue and to request an exceptional sentence downward. He raises additional issues in his Statement of Additional Grounds for Review, including illegal seizure and insufficient evidence.

We hold that because the judgment and sentence does not show on its face that the Illinois conviction "washed out" under former RCW 9.94A.360(2) (2000),[1] the trial court was entitled to rely on Huff's stipulation in computing his offender score and in sentencing Huff, and the trial court was not required to inquire further sua sponte. We affirm.

## FACTS

### I. THREE CONTROLLED SALES OF COCAINE

On three separate occasions, Huff sold cocaine to a confidential informant under surveillance of law enforcement. He sold approximately 3 grams for $200 on October 16, 2001, 1.6 grams for $200 on October 22, 2001, and 5 grams for $400 on October 25, 2001. The police did not arrest Huff until after the third transaction because they were attempting to gain information for a warrant to search Huff's residence.

Before each of the three controlled buys, police searched the informant and his vehicle and gave him prerecorded "buy" money. They fitted him with a wire for audio recording. Police officers observed each of the three transactions. The first buy was also videotaped.

When the police ultimately arrested Huff, they found additional cocaine and the buy money in his possession.

### II. PROCEDURE

The State charged Huff with three counts of unlawful delivery of a controlled substance and one count of unlawful

---

[1] Recodified as RCW 9.94A.525(2) by Laws of 2001, ch. 10, § 6.

possession of a controlled substance with intent to deliver. When he failed to appear for his jury trial on January 22, 2002, the State amended the information to add one count of bail jumping.

Huff waived his right to a jury trial. The trial court found him guilty on all counts and entered findings of fact and conclusions of law.

At his sentencing hearing, Huff initially challenged an Illinois conviction for manufacturing a controlled substance (marijuana) and demanded that the State meet its burden to prove the conviction by a preponderance of the evidence. The trial court agreed and prepared to reschedule the sentencing hearing for later that week in order to allow the State time to obtain a certified copy of the Illinois judgment and sentence. But Huff personally objected to waiting a few days for the Illinois judgment and sentence. Instead, Huff advised the court that he wished to stipulate to the Illinois conviction so that he could be sentenced that day.

Huff, his counsel, and the prosecutor then signed a typed stipulation, which stated that (1) the Illinois crime occurred on February 17, 1989; (2) it was equivalent to a class C felony in Washington and counted as three points toward his offender score; (3) none of his prior convictions listed in the stipulation had " 'washed out' under [former] RCW 9.94A.360(2)"; (4) the criminal history and "scoring" listed in the stipulation were "correct"; and (5) his offender score was, therefore, also "correct." The stipulation did not provide the dates of Huff's conviction, sentence, incarceration, or release from confinement for the Illinois conviction or the length of his Illinois sentence. The next conviction noted after the 1989 crime was Huff's sentence in December 1996 for unlawful possession of a controlled substance, also a class C felony.

Huff's offender score was 15 for the drug-related convictions and 9 for the bail-jumping conviction. The standard sentencing ranges were 108-144 months for the drug-related convictions and 51-60 months for the bail jumping.

During the sentencing hearing, the State argued that the bail-jumping sentence should run consecutively to the drug offense sentences and that Huff should receive a high-end standard-range sentence. Huff argued that the sentences should run concurrently because (1) "the officers appeared to deliberately stack the offenses to boost the offender score"; and (2) if the police had arrested Huff after the first drug buy, his offender score would have been lower. The State countered that no deliberate stacking had occurred and that the officers were merely trying to gather information for a search warrant.

The court sentenced Huff to 144 months on each of the drug counts and to 60 months on the bail-jumping count, all sentences to run concurrently, for a total of 144 months confinement.

## ANALYSIS

### OFFENDER SCORE CALCULATION

In determining Huff's offender score and sentence, the trial court considered Huff's explicit stipulation that his conviction for a 1989 Illinois class C felony had not "washed out" under former RCW 9.94A.360(2). Former RCW 9.94A-.360(2) was recodified in 2001 as RCW 9.94A.525(2).[2] RCW 9.94A.525(2) provides in pertinent part:

Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

In spite of his stipulation, Huff now argues that we should remand to the trial court to inquire further about his

---

[2] The substance of this statute did not change. Huff argues that the pre-1995 statute applies, requiring that the defendant had spent five felony-free years, rather than conviction-free years, in the community. The version of the applicable statute, however, is irrelevant to our analysis.

Illinois conviction because "the record is not entirely clear" whether he spent five crime-free years between release from his 1989 Illinois crime and commission of the Pierce County crime that resulted in a December 1996 sentence. We disagree.

## Appealability

We first address whether Huff can appeal his sentence despite his stipulation, failure to raise this claimed error below, and rejection of the trial court's proposal to postpone his sentencing for production of Huff's Illinois judgment and sentence.

In *In re Personal Restraint of Goodwin*, our Supreme Court held that a defendant cannot agree to a punishment that exceeds a sentencing court's statutory authority and, thus, cannot waive a challenge to such a sentence. 146 Wn.2d 861, 872, 50 P.3d 618 (2002). The court further held that a claimed error involving a stipulation to incorrect facts or a discretionary offender score calculation is not subject to direct appeal. *Goodwin*, 146 Wn.2d at 874.

Huff's claimed error involves an explicit stipulation to allegedly unknown facts about his Illinois conviction and, inferentially, whether he spent five crime-free years before his next conviction. As Huff concedes, "[T]his record does not show precisely when he was sentenced on his 1989 Illinois conviction, or the length of the sentence and release from confinement (if any)." Br. of Appellant at 10. Thus, Huff's stipulation that none of his prior convictions washed out, coupled with his refusal to postpone the sentencing hearing to obtain documentation of his Illinois conviction, operated as the functional equivalent of an express stipulation that he did not spend five crime-free years in the community between release from his Illinois conviction and commission of his next class C felony.[3] Huff's stipulation supplied the necessary "facts in the record" to support the

---

[3] This is not a case of inadvertent mutual mistake or miscalculation, as was the case in *In re Personal Restraint of Call*, 144 Wn.2d 315, 326-27, 28 P.3d 709 (2001).

trial court's offender score calculation and sentencing. *State v. Ford*, 137 Wn.2d 472, 482, 973 P.2d 452 (1999), *review denied*, 142 Wn.2d 1003 (2000).[4]

In refusing the trial court's proposal to postpone the sentencing to allow the State to obtain a copy of the Illinois judgment and sentence, Huff not only agreed to the accuracy of the facts recited and implied in the stipulation, but he also effectively fixed the record that he now claims is deficient. The record before us does not contradict his stipulation: No documents show the pertinent dates for his Illinois conviction or show that he did, in fact, spend five crime-free years after release from his Illinois confinement. Neither the trial court nor we can, or should, presume from the mere sequence of stipulated dates that Huff's Illinois conviction washed out.

Huff (1) requested the stipulation in lieu of additional proof, after rebuffing the opportunity for additional documentation, (2) was represented by counsel, and (3) signed the detailed stipulation himself. Under these circumstances, the trial court properly relied on the parties' stipulation.[5] Thus, under *Goodwin*, Huff cannot appeal his

---

[4] Although the court does not address stipulations per se in *Ford*, it does note:

Under the [Sentencing Reform Act of 1981], acknowledgment allows the judge to rely on unchallenged *facts and information* introduced for the purposes of sentencing. *See* RCW 9.94A.370(2) ("In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgment includes not objecting to information stated *in the presentence reports*.") (emphasis added).

*Ford*, 137 Wn.2d at 482-83.

Unlike *Ford*, Huff's case does not involve "bare assertions by the State unsupported by the evidence." 137 Wn.2d at 483. Here, Huff joined with the State in stipulating to the facts on which the sentencing court relied, thus taking them beyond bare assertions. Moreover, as we have pointed out earlier, the State and sentencing court were prepared to provide more evidentiary support, which Huff opposed.

[5] In his Statement of Additional Grounds for Review, Huff contends that the trial court erred in failing to hold a hearing to determine whether his Illinois conviction should count toward his offender score. We have already noted that Huff not only failed to request such a hearing, but he also personally refused to postpone his sentencing so that the Illinois conviction could be further investigated and proved.

stipulated offender score and sentence directly.[6] Accordingly, we affirm his sentence.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SEINFELD and HOUGHTON, JJ., concur.

---

[6] Huff might seek relief in a personal restraint petition. The court would then determine (1) whether to apply the invited error doctrine, (2) whether to consider additional evidence demonstrating the requisite crime-free years, and (3) dependent on those facts, whether his Illinois conviction washed out under RCW 9.94A.525(2) or former RCW 9.94A.360(2).

It appears on the record before us, however, that Huff invited the claimed error, which may preclude his ability to challenge his offender score in a personal restraint petition. *See Call*, 144 Wn.2d at 328, in which the Supreme Court rejected the State's invited error argument and considered Call's petition, noting, "Because there was no apparent affirmative action by Respondent which contributed to the inadvertent error, we conclude he did not invite it." *Call*, 144 Wn.2d at 329.

Here, in contrast, Huff's stipulation and rejection of the opportunity for presentation of a copy of his Illinois judgment and sentence appear to have been "affirmative actions" that contributed to the alleged offender score error about which he now complains. But this issue is not before us in this appeal.