FILED
COURT OF APPEALS
DIVISION II

2014 OCT 14 AM 8: 55

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44825-4-II |
| Respondent, | |
| v. | |
| CHADWICK DONALD PRITCHARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Chadwick Donald Pritchard appeals his convictions of residential burglary and first degree trafficking in stolen property, arguing that the trial court violated his constitutional right to present a defense and miscalculated his offender scores. We hold that the trial court's exclusion of the fact that another person pleaded guilty to a related offense did not deprive Pritchard of his right to present a defense and we affirm Pritchard's convictions.

The State concedes that Pritchard's offender scores improperly included a 1996 juvenile residential burglary conviction and a 1998 forgery conviction. We accept the State's concession. But, because Pritchard's offender scores still exceed 9 points without these convictions, we reject his claim that resentencing is required. We remand instead so that the trial court can correct Pritchard's judgment and sentence by striking the 1996 juvenile residential burglary conviction

and correcting the 1998 forgery conviction by having two of the five forgery convictions count as one under the same criminal conduct rule. On remand, we also direct the trial court to correct the reference to Pritchard's current conviction on count I to residential burglary.[1]

## FACTS

Kristopher Anderson hired Pritchard to fell some trees on his property. Pritchard had been referred by his roommate, Erik Christen, who was Anderson's friend. Jared Harvey assisted Pritchard. Pritchard later came to Anderson's house to provide an estimate on turning the felled trees into firewood. Anderson told Pritchard he would be on vacation the following weekend.

When Anderson returned from his vacation, he found that his house had been burglarized and that several items, including a safe and some jewelry, were missing. He suspected that Pritchard was responsible and called Christen, who arranged for Anderson to meet with Pritchard. Pritchard told Anderson that Harvey was responsible for the burglary and had asked him to get rid of the stolen items. Pritchard added that he helped Harvey break into the safe, dispose of unwanted items, and sell jewelry from the safe at Gold Buyers at the Mall, a store that buys gold jewelry. Pritchard also helped Anderson find the safe, which had been dumped in the woods.

Anderson and Deputy Richard Stoner then went to Gold Buyers, and an employee produced documents showing that the store paid Pritchard $176 for some jewelry shortly after the burglary. Stoner later retrieved jewelry from the store that Anderson identified as having come from his safe.

---

[1] Neither party has raised this issue, but we note that the judgment and sentence erroneously identifies the conviction on count I as second degree burglary.

After initially charging Pritchard with second degree burglary, the State charged him by amended information in count I with residential burglary, as either a principal or an accomplice, and in count II with first degree trafficking in stolen property. At trial, Anderson, Deputy Stoner, and a Gold Buyers employee testified to the above facts.

During Anderson's cross-examination, defense counsel asked if he knew what had happened to Harvey as a result of the incident.[2] The State objected that the evidence was irrelevant. After the court excused the jury, the State argued that Harvey's guilty plea to a related offense did nothing to disprove Pritchard's culpability as an accomplice. Defense counsel responded that Harvey's guilty plea was relevant because the defense theory was that Harvey alone was responsible for the burglary. The court concluded that the fact that Harvey pleaded guilty to possession of stolen property did not show that Pritchard was not involved in the burglary: "There is nothing about Mr. Harvey's plea of guilty to Possession of Stolen Property, or even burglary, that would tend to make it more probable than not that Mr. Harvey did not have an accomplice." Report of Proceedings (Mar. 27, 2013) at 76. The trial court sustained the State's objection.

Pritchard then testified that he worked for Anderson but learned nothing of Anderson's vacation plans. He explained that Harvey had a job cleaning out storage units and asked for Pritchard's help in selling some jewelry that Harvey had received as payment. Pritchard added that he gave Harvey a ride to the mall and let Harvey use his identification to sell the jewelry.

---

[2] Harvey was not available to testify because he died before Pritchard's trial.

The trial court instructed the jury on accomplice liability, and its "to convict" instruction on residential burglary stated that Pritchard was guilty if either he or an accomplice entered or remained unlawfully in the dwelling. Clerk's Papers (CP) at 29. During closing argument, the State asked the jury to find that Pritchard was an accomplice to the residential burglary.

The jury found Pritchard guilty as charged. At sentencing, the State submitted a memorandum showing Pritchard had an offender score of 16 for the residential burglary conviction and a score of 12 for the trafficking conviction. Pritchard disagreed with the State's calculations and argued that when he was sentenced for five counts of forgery in 1998, the trial court found that those offenses constituted the same criminal conduct. He also asserted that his 1996 juvenile conviction of residential burglary had been reversed on appeal.

After the State responded that there was no same criminal conduct finding in the 1998 judgment and sentence, the trial court rejected Pritchard's same criminal conduct argument because the forgeries occurred on different dates. The court also rejected Pritchard's claim about the reversed residential burglary conviction because he had no supporting evidence. The trial court imposed concurrent low-end sentences of 63 months on each count. Pritchard's judgment and sentence identified his conviction on count I as second degree burglary.

Pritchard appeals his convictions and sentences.

## ANALYSIS

### A. RIGHT TO PRESENT A DEFENSE

Pritchard argues that the trial court violated his constitutional right to present a defense by excluding evidence that Harvey pleaded guilty to possession of stolen property.

No. 44825-4-II

Criminal defendants have a constitutional right to present testimony in their defense. *State v. Hudlow*, 99 Wn.2d 1, 14, 659 P.2d 514 (1983). The Supreme Court has described the importance of this right:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*State v. Smith*, 101 Wn.2d 36, 41, 677 P.2d 100 (1984) (quoting *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967)).

The right to present a defense is not unfettered, however, and any defense must consist of relevant and otherwise admissible evidence. *Hudlow*, 99 Wn.2d at 15; *State v. Rehak*, 67 Wn. App. 157, 162, 834 P.2d 651 (1992), *review denied*, 120 Wn.2d 1022, *cert. denied*, 508 U.S. 953 (1993). The admission of evidence lies within the trial court's discretion, and its decision to admit or refuse evidence will not be reversed on appeal absent an abuse of discretion. *Rehak*, 67 Wn. App. at 162. An abuse of discretion exists only where no reasonable person would take the position adopted by the trial court. *State v. Huelett*, 92 Wn.2d 967, 969, 603 P.2d 1258 (1979).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Pritchard argues that the trial court's ruling excluding the evidence of Harvey's guilty plea compares to the erroneous exclusion of relevant evidence in *State v. Maupin*, 128 Wn.2d 918, 925, 913 P.2d 808 (1996) and *State v. Jones*, 168 Wn.2d 713, 721, 230 P.3d 576 (2010).

The defendant in *Maupin* was charged with first degree felony murder based on kidnapping, and he sought to admit the testimony of an alibi witness who would have testified to seeing the victim alive and in the hands of someone else after the time of her alleged kidnapping and murder. 128 Wn.2d at 920, 922. The Supreme Court ruled that exclusion of this evidence was reversible error because the proposed testimony would have brought the State's version of the events into question and would have pointed directly to someone else as the guilty party. *Maupin*, 128 Wn.2d at 928.

Reversible error also occurred in *Jones*, where the trial court refused to allow Jones to present testimony that the victim consented to sex in a rape prosecution. 168 Wn.2d at 721. The exclusion of this evidence of "extremely high probative value" violated the defendant's constitutional rights because it constituted his entire defense. *Jones*, 168 Wn.2d at 721.

The ruling excluding the fact of Harvey's guilty plea is not comparable to the rulings in either *Maupin* or *Jones*. Here, both parties introduced considerable evidence of Harvey's involvement in the burglary during Pritchard's trial. The jury was instructed on accomplice liability, and the State focused during closing argument on Pritchard's culpability as Harvey's accomplice. The issue before the jury was whether Pritchard was guilty of the charged crimes either as a principle or as Harvey's accomplice. The fact that Harvey had pleaded guilty to possession of stolen property did not tend to make Pritchard's involvement and the nature of his involvement any more or less probable. ER 401. The evidence of Harvey's plea was simply not relevant. Thus, the trial court did not violate Pritchard's right to present a defense by excluding evidence that Harvey pleaded guilty to possession of stolen property.

Moreover, Harvey's plea of guilty to possession of stolen property does not show, as Pritchard now argues, that Harvey accepted responsibility for the burglary. We see no abuse of discretion in the trial court's conclusion that the evidence of Harvey's plea did not further Pritchard's defense and was irrelevant.

Even if error did occur, it was harmless. "A constitutional error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result in the absence of the error." *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986). Evidence of Harvey's plea to possession of stolen property would have been cumulative of the admitted evidence that Harvey was in possession of Anderson's property, and the plea evidence would not have made Pritchard's involvement any less likely. Based on the evidence, we have no doubt that the jury would have convicted Pritchard as charged even if the additional evidence of Harvey's guilty plea was admitted.

B. OFFENDER SCORES

Pritchard also argues that the trial court miscalculated his offender scores by refusing to count all five of his 1998 forgery convictions as the same criminal conduct and by including the 1996 juvenile residential burglary conviction that was reversed on appeal. The State concedes that (1) two of the five 1998 forgeries convictions should be counted as one under the same criminal conduct rule and (2) the 1996 conviction does not count because it was reversed. The State argues that resentencing is not required, however, because Pritchard's offender score for each current conviction remains 9+, as set forth in his judgment and sentence.

We review an offender score calculation de novo, but we review a determination of what constitutes the same criminal conduct for abuse of discretion or misapplication of the law. *State*

*v. Mutch*, 171 Wn.2d 646, 653, 254 P.3d 803 (2011). Offenses count as one under the same criminal conduct rule if they occurred at the same time and place and involved the same victim and the same criminal intent. RCW 9.94A.589(1)(a).

The 1998 forgery judgment and sentence shows that all five of Pritchard's forgeries occurred on different days. Nevertheless, the same judgment and sentence also shows that the 1998 sentencing court found that two of the forgeries, counts I and IV, constituted the same criminal conduct.[3] The current sentencing court was bound by that finding. *State v. Johnson*, 180 Wn. App. 92, 102-03, 320 P.3d 197, *review denied*, 332 P.3d 984 (2014); RCW 9.94A.525(5)(a)(i). The current court's discretion was not limited, however, with regard to the remaining forgery convictions. *Johnson*, 180 Wn. App. at 104. We see no abuse of discretion in its determination that these convictions did not constitute the same criminal conduct. *See State v. Young*, 97 Wn. App. 235, 240-41, 984 P.2d 1050 (1999) (same criminal conduct finding inappropriate where forgeries were committed on separate days and were not part of single transaction or criminal episode). Our acceptance of the State's partial concession on this issue reduces Pritchard's offender score by 1 point on the residential burglary conviction and by one point on the trafficking conviction. RCW 9.94A.525(7), (16).

With regard to the 1996 juvenile residential burglary conviction, the State faults Pritchard for producing no evidence of its reversal during sentencing, but concedes that the conviction was

---

[3] The judgment and sentence shows that counts I and IV occurred one day apart and that counts I, II, III, and V occurred on different days over a two-week span.

reversed and should not count. Court records show that we reversed the 1996 juvenile residential burglary conviction. *State v. Pritchard*, noted at 89 Wn. App. 1046 (1998). This reversal reduces Pritchard's offender score on his current residential burglary conviction by an additional point and his offender score on the trafficking conviction by an additional half point.[4] RCW 9.94A.525(7), (16).

Because Pritchard's offender scores on both counts still exceed 9 with these reductions, the offender scores of 9+ and the standard ranges listed in his judgment and sentence do not change. RCW 9.94A.510. As stated, the trial court sentenced Pritchard to the bottom of the standard range on each count. Consequently, resentencing is not required. However, we remand for the purpose of correcting the criminal history listed in Pritchard's judgment and sentence by striking the 1996 juvenile residential burglary conviction and counting two of the five 1998 forgery convictions as one point under the same criminal conduct rule. In addition, the reference to the current conviction on count I shall be corrected to reflect Pritchard's conviction of residential burglary based on RCW 9A.52.025.

---

[4] With these corrections, Pritchard's offender score on the residential burglary is 13 based on the following points: 2 points for a prior adult burglary; 7 points for other prior adult felonies; 2 points for two juvenile burglaries; 1 point for three other juvenile convictions; and 1 point for the other current conviction. RCW 9.94A.525(16). His offender score on the trafficking conviction is 11 based on 8 points for his prior adult felonies; 2 points for his juvenile convictions; and 1 point for his other current conviction. RCW 9.94A.525(7).

No. 44825-4-II

We affirm the convictions and remand for correction of Pritchard's judgment and sentence consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Maxa, J.