2015 JUL 27 AM 9: 35



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 71999-8-I |
| Respondent, | |
| v. | DIVISION ONE |
| ANDREW ST. NICHOLAS BROOKS, | UNPUBLISHED OPINION |
| Appellant. | FILED: July 27, 2015 |

LEACH, J. — Andrew Brooks pleaded guilty to second degree manslaughter and first degree robbery. He appeals the sentencing court's calculation of his offender score, arguing that two 2006 convictions for forgery and unlawful possession of payment instruments constitute the same criminal conduct. Because Brooks failed to show the 2006 convictions had the same victim as required by RCW 9.94A.589(1)(a), the sentencing court did not err by counting the two offenses separately. We affirm.

## Background

On April 4, 2014, Brooks pleaded guilty to second degree manslaughter with a nonfirearm deadly weapon enhancement and first degree robbery in connection with the 2011 death of Kenneth Stewart. The trial court first calculated Brooks's offender score as 12, based on his previous convictions of 10 felonies and 30 misdemeanors. At sentencing, Brooks argued that his offender score should be 10, contending that two pairs of prior offenses involved

the same criminal conduct: (1) two 1997 convictions for unlawful possession of a firearm and (2) 2006 convictions for forgery and unlawful possession of payment instruments. The trial court agreed that the 1997 firearm convictions constituted the same criminal conduct, but not the 2006 offenses. The trial court sentenced Brooks based on an offender score of 11.

The trial court sentenced Brooks to a total of 180 months, which included a 12-month deadly weapon enhancement. Brooks appeals.

Analysis

RCW 9.94A.525(5)(a)(i) instructs courts how to count a defendant's prior convictions for offender score purposes:

> In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
>  (i) Prior offenses which were found, under RCW 9.94A.589(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently or prior juvenile offenses for which sentences were served consecutively, whether those offenses shall be counted as one offense or as separate offenses using the "same criminal conduct" analysis found in RCW 9.94A.589(1)(a), and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used.

A defendant can overcome the presumption that each conviction counts separately for offender score purposes by establishing that two or more convictions constitute the same criminal conduct.[1] RCW 9.94A.589(1)(a) defines

---

[1] State v. Aldana Graciano, 176 Wn.2d 531, 539, 295 P.3d 219 (2013) (citing State v. Farias Lopez, 142 Wn. App. 341, 351, 174 P.3d 1216 (2007)); In re Pers. Restraint of Markel, 154 Wn.2d 262, 274, 111 P.3d 249 (2005).

"same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." If any one of these elements is missing, the court counts the offenses separately.[2] Furthermore, the moving party must establish the components of RCW 9.94A.589(1)(a) because the finding favors the moving party.[3]

We review a trial court's calculation of an offender score de novo.[4] However, we review a same criminal conduct determination for abuse of discretion or misapplication of the law.[5] When the record supports only one offender score conclusion, a sentencing court abuses its discretion by arriving at a contrary result.[6] Application of RCW 9.94A.589(1)(a) involves both factual determinations and the exercise of the trial court's discretion.[7] Therefore, we generally defer to the sentencing court's same criminal conduct finding and disturb it only for "'clear abuse of discretion or misapplication of the law.'"[8] Where the record adequately supports a finding for either a reduced or higher offender score number, the matter lies in the trial court's discretion.[9]

---

[2] State v. Haddock, 141 Wn.2d 103, 110, 3 P.3d 733 (2000) (citing State v. Garza-Villarreal, 123 Wn.2d 42, 47, 864 P.2d 1378 (1993)).

[3] Aldana Graciano, 176 Wn.2d at 539.

[4] State v. Johnson, 180 Wn. App. 92, 100, 320 P.3d 197 (quoting State v. Mutch, 171 Wn.2d 646, 653, 254 P.3d 803 (2011)), review denied, 181 Wn.2d 1003 (2014).

[5] Johnson, 180 Wn. App. at 100.

[6] Aldana Graciano, 176 Wn.2d at 538.

[7] State v. Nitsch, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000).

[8] Haddock, 141 Wn.2d at 110 (quoting State v. Elliot, 114 Wn.2d 6, 17, 285 P.2d 440 (1990)).

[9] Aldana Graciano, 176 Wn.2d at 538.

Brooks argues the 2006 crimes satisfy all three elements of RCW 9.94A.589(1)(a). He states that the crimes occurred "at the same time and place—September 20, 2006, in the car he was driving when stopped." He contends that both crimes involved the same victim, Michael Wichers. And he argues that "both 2006 crimes were part of the same scheme and involved the same objective": to commit a financial crime against Wichers.

We disagree. On this record, Brooks does not meet his burden to prove that both offenses involved the same victim. Brooks's statement on plea of guilty does not support such a finding. While Brooks explicitly stated the driver's license belonged to Wichers, he states only that the payment instruments are "in the name of a person."

To support his contention that Wichers was the victim of both offenses, Brooks cites his trial counsel's sentencing brief, which includes a summary of the 2006 statement of probable cause. This summary states that Wichers is the owner of both the driver's license and the payment instruments. However, Brooks may not rely on unsupported references to pleadings which themselves contain unsupported factual assertions. He must cite from evidence in the record.[10] On this record, Brooks does not establish that both offenses had the

---

[10] See RAP 10.3(a)(5) (reference to record must be included for each factual statement); Grobe v. Valley Garbage Serv., Inc., 87 Wn.2d 217, 228-29, 551 P.2d 748 (1976) (cases on appeal are decided only from evidence in the record).

same victim. Therefore, he does not meet his burden to show they were the same criminal conduct.

## Conclusion

Because Brooks failed to meet his burden to show the crimes involved the same victim, he failed to establish his convictions for forgery and unlawful possession of payment instruments were the same criminal conduct. The trial court did not abuse its discretion or misapply the law in counting each offense separately. We affirm.

_Leach, J._

WE CONCUR:

_Spearman, C.J._