# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                 Respondent,<br><br>   v.<br><br>THYJUAN TOMIKIO TAPLIN,<br><br>                Appellant. | No.  52884-3-II<br><br><br>UNPUBLISHED OPINION<br>(Consolidated) |
| In re the Matter of the Personal Restraint of:<br><br><br>THYJUAN TOMIKIO TAPLIN,<br><br>                Petitioner. | No.  53017-1-II |

SUTTON, A.C.J — Thyjuan Taplin pleaded guilty to two counts of possession of a controlled substance with intent to deliver, one count of simple possession of a controlled substance, and one count of unlawful possession of a firearm.  As part of the plea agreement, he stipulated to his criminal history and offender score and waived his right to challenge them.  At sentencing, the court imposed the statutory maximum of 60 months confinement (54 months plus a six-month sentence enhancement), a 12-month community custody term, discretionary legal financial obligations (LFOs), and entered a judgment and sentence on February 23, 2018.  Taplin did not appeal the February 23, 2018 judgment and sentence.

No. 52884-3-II
(Consolidated with 53017-1-II)

On October 15, 2018, the court granted Taplin's CrR 7.8 motion to strike the 12-month community custody term and entered a corrected judgment and sentence. Taplin appeals this order. Taplin filed pro se a Statement of Additional Grounds (SAG) related to the February 23, 2018 judgment and sentence. Taplin also filed another CrR 7.8 motion which motion was transferred to this court as a personal restraint petition (PRP) and consolidated with this direct appeal.[1]

On direct appeal, Taplin argues that the sentencing court erred by failing to strike LFOs when it was revisiting the terms of the judgment and sentence on October 15, 2018. In his SAG, Taplin raises issues related to his right to a jury trial, ineffective assistance of counsel, prosecutorial misconduct, and sentencing issues related to the February 23 judgment and sentence. In his pro se PRP, Taplin argues that the sentencing court erred by not conducting a same criminal conduct analysis for the four charged offenses under RCW 9.94A.589. He also argues that the State did not satisfy its burden of proving that Taplin's prior out-of-state convictions were comparable to Washington felony offenses and his correct offender score is a 5 because his 1993 robbery in the second degree conviction washed out.

The February 23, 2018 judgment and sentence was not timely appealed and thus, any issues in Taplin's direct appeal or SAG related to that order are not properly before us on appeal and we decline to consider them further. RAP 5.2(a).

Because Taplin provides no assignment of error related to the October 15, 2018 order and fails to explain how the sentencing court erred by entering that order, we decline to consider the issues in his direct appeal and SAG that are related to this October 2018 order. We also decline to

---

[1] Ruling Granting Consolidation, *In re Pers. Restraint of Taplin*, No. 53017-1-II consolidated with No. 52884-3-II (Feb. 25, 2019).

review Taplin's offender score because Taplin stipulated that his prior out-of-state felony convictions were comparable to Washington felony offenses, that his prior robbery conviction did not wash out, and that his offender score of nine was correct. Thus, we hold that the court did not err and Taplin's PRP claims fail.

We affirm the sentencing court's October 15, 2018 order, reject Taplin's arguments on direct appeal and in his SAG, and dismiss his PRP as frivolous.

FACTS

The State charged Taplin with three counts of possession of a controlled substance with intent to deliver (methamphetamine, clonazepam, and oxycodone) with three firearm enhancements, one count of possession of Suboxone, two counts of second degree unlawful possession of a firearm, and one count obstructing a law enforcement officer. Taplin entered into a plea agreement with the State wherein the State agreed to amend the information, charging two counts of unlawful possession of a controlled substance with intent to deliver (counts I and II), one count of possession of a controlled substance with a firearm enhancement (count III), and one count of second degree unlawful possession of a firearm (count IV), in exchange for Taplin's agreement to plead guilty to those charges.

At sentencing, the State provided certified copies of Taplin's criminal history, including a 1993 robbery in the second degree conviction that occurred in California. His offender score included 22 prior convictions. Four of these prior convictions occurred in California.

At a hearing on February 23, 2018, Taplin pleaded guilty to the charged offenses in exchange for a standard range sentence of 60 months confinement which allowed for his release after five years. Taplin made an express stipulation that "none of the [listed] criminal history

3

convictions have 'washed out' under RCW 9.94A.360(3)/9.94A.525 unless specifically so indicated." Clerk's Papers (CP) at 22. Taplin also stipulated to an offender score of nine. Defense counsel told the court that Taplin was making this plea knowingly, intelligently, and voluntarily. After accepting Taplin's plea, the court sentenced Taplin to 60 total months of confinement, 54 months plus 5 months for enhancements on count III, plus 12 months of community custody. The court imposed two other conditions:

> (I)   The offender shall remain within, or outside of, a specified geographical boundary per [his community corrections officer][.]
>
> . . . .
>
> (III)   The offender shall participate in crime-related treatment or counseling services[.]

CP at 36.

The sentencing court also imposed the DNA collection fee, the criminal filing fee, and an interest accrual provision. The court found Taplin to be indigent. The court entered the judgment and sentence on February 23, 2018. On October 15, 2018, the court granted Taplin's CrR 7.8 motion, struck the community custody term, and entered an order correcting the judgment and sentence.

On December 26, 2018, Taplin filed another CrR 7.8 motion challenging his offender score, including a claim that his 1993 California conviction for second degree robbery was not comparable to a Washington offense, and thus, it should not have counted toward his offender score or should have "washed out." The superior court transferred that motion to this court as a PRP. Accordingly, Taplin's direct appeal was consolidated with the PRP.

ANALYSIS

I. DIRECT APPEAL

Taplin argues that when the sentencing court revisited the terms of his judgment and sentence on October 15, 2018, and entered a corrected judgment and sentence, the court erred by failing to strike the LFOs. We disagree because when the court entered the October 15 order, the LFO issue was not before the court.

An order denying a CrR 7.8 motion for relief from judgment is appealable as of right. *State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002); RAP 2.2(a)(10), (13). Appellate review is limited to the issues raised by that motion and to the trial court's exercise of discretion in deciding those issues. *Gaut*, 111 Wn. App. at 881; *See also Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980) (The review of an order denying a CR 60(b) "motion is limited to the propriety of the denial not the impropriety of the underlying judgment."). "[A]n unappealed final judgment cannot be restored to [the] appellate track by means of moving to vacate and appealing the [decision] of [that] motion." *Gaut*, 111 Wn. App. at 881.

The LFO issue was not before the sentencing court when it granted Taplin's CrR 7.8 motion and entered the October 15, 2018 order. Taplin fails to assign error or explain how the court erred by entering this order. Accordingly, we hold that the sentencing court did not err by failing to strike the LFOs because the LFO issue was not before the court when it entered the October 15 order, and thus, we affirm this order.

## II. SAG

In his SAG, Taplin raises a number of issues regarding his right to a jury trial, the assistance of counsel, the State's alleged misconduct, and issues regarding sentencing related to the February 23, 2018 judgment and sentence.

As discussed above, Taplin did not appeal the February 23 judgment and sentence, and his appeal of the October 15, 2018 order does not revive the ability to argue error in the underlying judgment and sentence. Accordingly, we reject Taplin's SAG claims because he failed to timely appeal the order related to those claims, and the SAG claims are not properly before us on this appeal.

## III. PRP

In his pro se PRP, Taplin argues that the court abused its discretion by failing to conduct a same criminal conduct analysis for the four charged offenses Taplin pleaded guilty to for sentencing purposes under RCW 9.94A.589. He also argues that the State did not satisfy its burden of proving that Taplin's four prior out-of-state convictions were comparable to Washington offenses and his correct offender score should have been five because his 1993 robbery in the second degree conviction should not have counted in this offender score or should have washed out. Taplin asks us to vacate his judgment and sentence and remand for resentencing based on an offender score of a five. None of these claims have merit, and thus, we deny his PRP.

### A. PRP PRINCIPLES

Issues raised for the first time in a PRP must meet a heightened showing before a court will grant relief. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). For alleged constitutional errors, a petitioner must show actual prejudice. *Yates*, 177 Wn.2d at 17. For alleged

nonconstitutional errors, the petitioner "'must show a fundamental defect resulting in a complete miscarriage of justice.'" *Yates*, 177 Wn.2d at 17 (quoting *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251, 172 P.3d 335 (2007)). The petitioner must make these showings by a preponderance of the evidence. *Yates*, 177 Wn.2d at 17.

When reviewing a PRP, a court may: "(1) dismiss the petition, (2) transfer the petition to a superior court for a full determination on the merits or a reference hearing, or (3) grant the petition." *Yates*, 177 Wn.2d at 17. A court must dismiss a petition that fails to make a prima facie showing of actual prejudice for alleged constitutional errors or a fundamental defect resulting in a complete miscarriage of justice for alleged nonconstitutional errors. *Yates*, 177 Wn.2d at 17.

B. SAME CRIMINAL CONDUCT

Taplin argues that all four charged offenses constitute the same criminal conduct and thus, his offender score should be a five not a nine. We hold that it is Taplin's burden below to raise and prove that the four charged offenses constitute the same criminal conduct, not the court's burden to do so sua sponte, and thus, we hold that the court did not err.

We review offender score calculations de novo while reviewing a same criminal conduct analysis for abuse of discretion or misapplication of the law. *State v. Johnson*, 180 Wn. App. 92, 100, 320 P.3d 197 (2014). A trial court abuses its discretion where the court: "'(1) adopts a view that no reasonable person would take and is manifestly unreasonable, (2) rests on facts unsupported in the record and is thus based on untenable grounds, or (3) was reached by applying the wrong legal standard and is thus made for untenable reasons.'" *Johnson*, 180 Wn. App. at 100 (internal quotation marks omitted) (quoting *State v. Sisouvanh*, 175 Wn.2d 607, 623, 290 P.3d 942 (2012).

The defendant bears the burden of establishing by a preponderance of the evidence that two or more offenses encompass the same criminal conduct. *State v. Aldana Graciano*, 176 Wn.2d 531, 539, 295 P.3d 219 (2013). "[E]ach of a defendant's convictions counts toward his offender score *unless* he convinces the court that they involved the same criminal intent, time, place, and victim." *Aldana Graciano*, 176 Wn.2d at 540. Multiple offenses are presumed to encompass separate criminal conduct. *Aldana Graciano*, 176 Wn.2d at 539. The trial court is not required to consider same criminal conduct sua sponte. *See Aldana Graciano*, 176 Wn.2d at 539.

Here, Taplin stipulated that his offender score was a nine, which included all four charged offenses. After stipulating to a particular offender score, a defendant cannot later raise a same criminal conduct argument under *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 872, 50 P.3d 618 (2002). *State v. Huff*, 119 Wn. App. 367, 372-73, 80 P.3d 633 (2003). Therefore, it was not manifestly unreasonable for the court to rely on Taplin's stipulation to an offender score of a nine. Moreover, as noted above, a defendant is required to ask the trial court to consider whether multiple offenses constitute the same criminal conduct, which Taplin failed to do. Accordingly, we hold that Taplin's argument fails.

C.  COMPARABLE CONVICTIONS

Taplin next argues that the State did not satisfy its burden of proving that Taplin's prior out-of-state felony convictions were comparable to Washington offenses. We hold that Taplin's argument fails.

A pro se petitioner is held to the same responsibility as a lawyer and is required to follow applicable statutes and rules. *In re Pers. Restraint of Connick*, 144 Wn.2d 442, 455, 28 P.3d 729 (2001). Bald assertions and conclusory allegations will not support a personal restraint petition.

*In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). "If the petitioner's allegations are based on matters outside the existing record, the petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief." *Rice*, 118 Wn.2d at 886. If a party fails to support argument with citation to legal authority, the court is entitled to presume that none exists. *Oregon Mut. Ins. Co. v. Barton*, 109 Wn. App. 405, 418, 36 P.3d 1065 (2001).

In his guilty plea, Taplin did not merely agree to the *existence* of his prior convictions, he specifically stipulated to the *comparability* of the out-of-state convictions that the court ultimately included in his offender score. Taplin provides no substantive argument that the convictions were anything other than what he stipulated them to be. Because Taplin does not provide competent, admissible evidence to support his argument, we must presume none exists. *Yates*, 177 Wn.2d at 18. Thus, we hold that Taplin's argument fails.

D. WASH OUT

Taplin next claims that the sentencing court erred by including his 1993 second degree robbery conviction in his offender score because the robbery conviction washed out. However, in his stipulation to his offender score, Taplin made an express, factual stipulation that "none of the above criminal history convictions have 'washed out' under RCW 9.94A.360(a)/9.94A.525 unless specifically so indicated." CP at 21. The stipulation Taplin signed did not indicate that this robbery conviction washed out. As noted above, a defendant cannot later raise a same criminal

No. 52884-3-II
(Consolidated with 53017-1-II)

conduct argument under *In re Goodwin* after stipulating to a particular offender score.[2]  *Huff*, 119 Wn. App. at 372-73.  Thus, we hold that Taplin's argument fails.

## CONCLUSION

We affirm the trial court's October 15, 2018 order, reject Taplin's arguments on direct appeal and in his SAG, and dismiss his PRP as frivolous.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

GLASGOW, J.

CRUSER, J.

---

[2] Taplin's stipulation was a factual one.  *In re Goodwin* dealt with wash-out as a legal matter.  146 Wn.2d at 872.  In *Goodwin*, the conviction had washed out as a matter of law, which in turn rendered the judgment and sentence invalid on its face.  146 Wn.2d at 872.  Here, whether the prior robbery had washed out turns entirely on facts—facts that Taplin expressly stipulated to by stipulating that the crime had not washed out.  Moreover, Taplin is not arguing that the conviction had washed out by operation of law unrelated to any facts about the conviction.

10