**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 85907-2-I |
| MICHAEL DASHAWN STEVENSON JR, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

MANN, J. — Michael Stevenson Jr. seeks review of his motion to vacate judgment and sentence under CrR 7.8, which was transferred to this court as a personal restraint petition (PRP). CrR 7.8(c)(2). Stevenson argues that his judgment and sentence is facially invalid because the trial court miscalculated his offender score. Because Stevenson does not establish grounds for relief, we deny his PRP.

I

In 2018, pursuant to a plea agreement, Stevenson pleaded guilty to two counts of robbery in the first degree, with a firearm enhancement on count 2. As part of his plea, Stevenson stipulated to a criminal history that included 2014 convictions for robbery and assault and agreed that he had an offender score of "8." He requested a low-end sentence of 168 months.

The sentencing court sentenced Stevenson to 186 months. In February 2023, Stevenson filed a motion to vacate his 2018 judgment and sentence under CrR 7.8.

II

A petitioner may request relief through a PRP when he or she is under an unlawful restraint. RAP 16.4(a)-(c). "A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" In re Pers. Restraint of Monschke, 160 Wn. App. 479, 488, 251 P.2d 884 (2010) (quoting In re Pers. Restraint of Davis, 152 Wn.2d 647, 672, 101 P.3d 1 (2004)). The petitioner must prove prejudice by a preponderance of the evidence. In re Pers. Restraint of Lord, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). "The petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations." Monschke, 160 Wn. App. at 488; RAP 16.7(a)(2)(i).

In evaluating PRPs, we can (1) dismiss the petition if the petitioner fails to make a prima facie showing of constitutional or nonconstitutional error; (2) remand for a full hearing if the petitioner makes a prima facie showing but the merits of the contentions cannot be determined solely from the record; or (3) grant the petition without further hearing if the petitioner has proven actual prejudice or a miscarriage of justice. In re Pers. Restraint of Stockwell, 160 Wn. App. 172, 176-77, 248 P.3d 576 (2011).

A PRP is time barred if it is filed more than one year after the judgment becomes final. RCW 10.73.090(1). However, an untimely PRP may be considered if the judgment and sentence was not valid on its face or if the petition is based on one or more of the statutory exceptions to the time limit listed in RCW 10.73.100. A judgment

and sentence is facially invalid if the trial court exercised power that it did not have, including by imposing a sentence not authorized by law.  In re Pers. Restraint of Flippo, 187 Wn.2d 106, 110, 385 P.3d 128 (2016).  This includes a sentence that is excessive based on a miscalculated offender score.  In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 873, 50 P.3d 618 (2002).

The inquiry into whether a sentence is invalid on its face is not confined to the four corners of the judgment and sentence.  In re Pers. Restraint of Coats, 173 Wn.2d 123, 138, 267 P.3d 324 (2011).  Rather, the Washington Supreme Court has endorsed consideration of certain documents in addition to the judgment and sentence.  Coats, 173 Wn.2d at 139-40.  When the judgment and sentence is based on a guilty plea, the face of the judgment and sentence includes those documents signed as part of the plea agreement.  Coats, 173 Wn.2d at 138-40.

III

Stevenson argues that his judgment and sentence is facially invalid because the trial court miscalculated his offender score by not considering his prior convictions for robbery and assault to be convictions of the same criminal conduct.[1]  We disagree.

A defendant may raise a legal error with his or her sentence for the first time on appeal.  State v. Johnson, 180 Wn. App. 92, 99, 320 P.3d 197 (2014).  However, a defendant waives the right to challenge the State's depiction of his criminal history on appeal if the defense "not only fails to specifically object but agrees" with that depiction.  State v. Bergstrom, 162 Wn.2d 87, 94, 169 P.3d 816 (2007).

---

[1] To constitute the same criminal conduct, two or more criminal offenses must (1) have the same objective intent, (2) occur at the same time and place, and (3) involve the same victim.  RCW 9.94A.589(1)(a).

In Goodwin, the Supreme Court held that "in general a defendant cannot waive a challenge to a miscalculated offender score." 146 Wn.2d at 874. However, "waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." Goodwin, 146 Wn.2d at 874.

"Application of the same criminal conduct statute involves both factual determinations and the exercise of discretion," and is not a purely legal error. State v. Nitsch, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000); see also In re Pers. Restraint of Shale, 160 Wn.2d 489, 496, 158 P.3d 588 (2007) (plurality opinion) (offender waived right to argue same criminal conduct on collateral attack when he did not raise the issue at sentencing), overruled on other grounds by State v. Knight, 162 Wn.2d 806, 174 P.3d 1167 (2008).

As part of his plea, both Stevenson and his lawyer signed a declaration of criminal history that scored two points each for 2014 crimes of assault in the second degree and robbery in the second degree. And in Stevenson's memorandum of sentencing, he agreed that he had an offender score of "8." Because Stevenson did not challenge his offender score at sentencing, Stevenson has waived this argument. Shale, 160 Wn.2d at 496.

But, even if Stevenson had properly preserved this challenge, it is without merit. Stevenson's 2014 conviction was also reached as part of a plea agreement.[2] Significantly, as part of his plea, Stevenson agreed that the robbery and assault were

_____

[2] Stevenson attached factual information on the 2014 crimes to his motion. As did the State.

separate acts. Thus, they were not considered the same criminal conduct by the 2014 sentencing judge.

Accordingly, Stevenson's judgment and sentence is valid on its face. Thus, this claim of error is subject to the one-year time limit for collateral attack. RCW 10.73.090(1); see In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 769-70, 297 P.3d 51 (2013) (holding where the judgment and sentence was valid on its face, petition is time barred).

We deny Stevenson's PRP.[3]

_Mann, J._

WE CONCUR:

_Díaz, J._

_Hazelrigg, ACJ_

---

[3] The State alternatively argues that Stevenson's PRP is successive. Stevenson has filed two prior petitions which were dismissed. See No. 52465-1-II and No. 54996-4-II. Because Stevenson's petition is untimely, we need not assess whether it is successive. See In re Pers. Restraint of Bell, 187 Wn.2d 558, 562, 387 P.3d 719 (2017).