[No. 19254-3-II.   Division Two.   January 31, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES WILLIAM GRANTHAM, *Appellant.*

*Sheri L. Arnold,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Kitty-Ann Van Doorninck, Deputy,* for respondent.

SEINFELD, J. — James Grantham challenges his conviction and sentence for two counts of second degree rape against the same victim. We conclude that the evidence was sufficient to establish that the two counts did not constitute the same criminal conduct. We further conclude that the prosecutors' comments during closing argument

were supported by the record and did not prejudice Grantham. Finding no error, we affirm.

## FACTS

The evening of the rapes, Grantham and L.S., the victim of the attacks, had been attending a party. When the party broke up, L.S. left with Grantham and, in response to Grantham's urging, agreed to go with him to a nearby apartment to meet some of his friends.

Upon entering the apartment, Grantham led L.S. past several other young men into a separate room. Once there, he grabbed her and tried to kiss her. In response to L.S.'s resistance and pleas to go home, Grantham slapped her, called her names, and forcibly removed her clothes. When L.S. continued to resist, Grantham repeatedly slammed her head into the wall. Once he had her undressed and she was on her knees facing the corner of the room, Grantham anally raped her.

When Grantham finally stopped and withdrew, L.S. remained crouched in the corner. Grantham then started kicking her legs and telling her to get up and turn around. He called her names and repeatedly told her to "hurry up." When she didn't respond, he started kicking her harder, on the thigh, then in her ribs. L.S. remained on her knees until finally Grantham grabbed her face and chin and turned her to face him. At this point he was standing over her and threatening her not to tell. L.S. testified that Grantham then "[k]ept like grabbing my face and I kept, you know, trying to stay as far back from him as I could. I'm grabbing my face and he said come here. And I look up and I was like what? Will you take me home? Will you please stop? I was crying and I asked him to please stop." At this point, Grantham told her he wanted her to perform oral sex with him. When she kept her mouth shut and head down, he slammed the back of her head into the wall, grabbed her hair, and pushed her towards him. And then he forced her to comply with his request.

The attack against L.S. was not over. After Grantham finished with L.S., six other males raped her in succession. She finally was able to flee the apartment and call her mother from a local convenience store to come pick her up.

The State charged Grantham with two counts of rape in the second degree by means of forcible compulsion: one count for each incident.[1] The jury found him guilty as charged and the trial court sentenced him to 102 months, the high end of the standard range based on an offender score of five. The trial court made a finding that the two acts of rape did not constitute the "same criminal conduct."

On appeal, Grantham argues that the trial court misapplied the law when it calculated his offender score and determined the standard range sentence because the two incidents of rape encompassed the same criminal conduct. He also claims that certain remarks that the prosecutors made during closing argument deprived him of a fair trial. Based on this allegation of prosecutorial misconduct, he seeks reversal of his conviction and a new trial.

## I

### SAME CRIMINAL CONDUCT

Grantham contends that the two crimes, for sentencing purposes, constituted the same criminal conduct, pursuant to RCW 9.94A.400(1)(a). We apply an abuse of discretion or misapplication of the law standard to review this claim. *State v. Walden*, 69 Wn. App. 183, 188, 847 P.2d 956 (1993).

Two crimes against a single victim constitute the "same criminal conduct" if they (a) involve the same criminal intent; (b) were committed at the same time; and (c)

---

[1]Grantham does not challenge the State's decision to charge him with two counts. Nor did he move for merger of the two counts after conviction. Thus, our opinion assumes, without deciding, that the evidence was sufficient to support two separate convictions.

were committed at the same place. RCW 9.94A.400(1)(a). The absence of any of these elements precludes a finding of "same criminal conduct." *State v. Vike,* 125 Wn.2d 407, 410, 885 P.2d 824 (1994). Further, the Legislature intended that we construe the phrase, "same criminal conduct," narrowly. *State v. Flake,* 76 Wn. App. 174, 180, 883 P.2d 341 (1994). To determine if two crimes share a criminal intent, we focus on whether the defendant's intent, viewed objectively, changed from one crime to the next. *State v. Dunaway,* 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987). We also consider whether one crime furthered the other. *State v. Lessley,* 118 Wn.2d 773, 778, 827 P.2d 996 (1992).

Here, the crimes were committed against the same victim, at the same place, but not simultaneously, although relatively close in time. *See Flake,* 76 Wn. App. at 180-81 (as vehicular assault and hit and run did not occur simultaneously, they did not occur at same time for purpose of RCW 9.94A.400(1)(a)). Thus, the question is whether the combined evidence of a gap in time between the two rapes and the activities and communications that took place during that gap in time, and the different methods of committing the two rapes, is sufficient to support a finding that the crimes did not occur at the same time and that Grantham formed a new criminal intent when he committed the second rape.

█ To prove second degree rape, the State needed to show that Grantham forcibly compelled L.S. to engage in sexual intercourse. RCW 9A.44.050. In addition to its ordinary meaning (vaginal-penile penetration), sexual intercourse also includes sexual contact involving the sex organs of one person and the mouth of another and sexual contact involving the sex organs of one person and the anus of another. RCW 9A.44.010(1)(c). The defense argues that the two rapes both had the identical intent of sexual intercourse and, thus, are the same criminal conduct and can be punished only once. The State responds that we should not treat the two rapes as the same criminal

conduct because Grantham's intent when he committed crime one was anal intercourse and his intent when he committed crime two was oral intercourse. It also contends that the two intents differed because Grantham's intent to commit the first rape was complete when he stopped and withdrew. He then formed a second, new objective intent, which was completed with the accomplishment of the second rape.

We reject the State's first argument because use of distinct methods to accomplish each rape, although significant, does not alone prove different intents. But we agree with the State's second argument; the evidence was sufficient to show that the second rape was accompanied by a new objective "intent." Thus, the trial court acted reasonably in determining that Grantham completed one crime before he commenced the second. The trial court heard evidence that Grantham completed the first rape before commencing the second; that after the first and before the second he had the presence of mind to threaten L.S. not to tell; that in between the two crimes L.S. begged him to stop and to take her home; and that Grantham had to use new physical force to obtain sufficient compliance to accomplish the second rape.

Based on this evidence, the trial court could find that Grantham, upon completing the act of forced anal intercourse, had the time and opportunity to pause, reflect, and either cease his criminal activity or proceed to commit a further criminal act. He chose the latter, forming a new intent to commit the second act. The crimes were sequential, not simultaneous or continuous. The evidence also supports the trial court's conclusion that each act of sexual intercourse was complete in itself; one did not depend upon the other or further the other.

Grantham urges us to follow the reasoning in *Walden*, contending that the facts there were nearly identical to the facts before us. The *Walden* court held that the criminal intent involved in second degree rape (fellatio and masturbation) and attempted second degree rape (anal in-

tercourse) was the same—sexual intercourse—and thus, each act should be treated as the "same criminal conduct" for sentencing purposes.

We do not find the analysis in *Walden* persuasive here. First, the *Walden* court used the terms "objective," "intent," and "purpose" interchangeably in reaching its conclusion that the defendant's intent in committing the three crimes was the same—sexual intercourse. But the words "intent" and "objective" do not have identical meanings in the context of RCW 9.94A.400(1)(a). Although sexual intercourse is an element and the objective of every rape, every rape does not share the same intent. Rather, the defendant's intent, viewed objectively as the law requires, is to act "with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). Further, the brief statement of facts in *Walden* suggests that one criminal act may have furthered another, serving as foreplay or preparation. Here, where the two completed acts of intercourse were separated by time, the same cannot be argued.

The facts here are distinguishable from *Walden*. Although the second act of rape had the same general objective or purpose as the first act—sexual intercourse—the evidence here reasonably supports the conclusion that the two crimes did not involve the same intent and were not committed at the same time.

Other jurisdictions dealing with similar issues have elaborated on the policy considerations that support our conclusion. They have noted that rape statutes reflect a legislative concern in protecting "bodily integrity and personal safety" and that the protection is best accomplished by separately punishing each separate invasion of a protected area. *State v. Williams*, 105 N.M. 214, 730 P.2d 1196 (1986); *People v. Madera*, 231 Cal. App. 3d 845, 282 Cal. Rptr. 674, *review denied* (Sept. 19, 1991). The Wisconsin Supreme Court, deciding whether two acts of successive rape were "a continuous crime or a unitary transaction," described the policy concerns as follows:

If at the scene of the crime the defendant can be said to have realized that he has come to a fork in the road, and nevertheless decides to invade a different interest, then his successive intentions make him subject to cumulative punishment and he must be treated as accepting that risk whether he in fact knew of it or not.

*Harrell v. State*, 88 Wis. 2d 546, 277 N.W.2d 462, 466 (1979) (quoting *Irby v. United States*, 390 F.2d 432, 437-38 (1967)).

The *Harrell* court also considered proportionality and the impact on the victim, as follows:

Repeated acts of forcible sexual intercourse are not to be construed as a roll of thunder, —an echo of a single sound rebounding until attenuated. One should not be allowed to take advantage of the fact that he has already committed one sexual assault on the victim and thereby be permitted to commit further assaults on the same person with no risk of further punishment for each assault committed. Each act is a further denigration of the victim's integrity and a further danger to the victim.

277 N.W.2d at 469. The *Harrell* court's concern about the lack of consequences for additional sexual assaults on the same victim is consistent with the proportionality policy of the Sentencing Reform Act of 1981 (SRA), RCW 9.94A. The first purpose of the SRA is to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense . . . ." RCW 9.94A.010(1).

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WOOD, J. Pro Tem., concurs.

MORGAN, J. — (concurring) The State charged the defendant with two counts of second degree rape. Each count alleged an act of sexual intercourse committed by forcible

compulsion. At the end of the evidence, the trial court instructed that the jury could convict on both counts only if it found separate acts. The jury so found, and the defense does not attack its finding for insufficient evidence.

With these facts in mind, I agree with the majority that the trial court had discretion, at sentencing, to treat the two counts as involving separate criminal conduct. Conversely, I also think the trial court had discretion to treat the two counts as involving the same criminal conduct. As we said in *State v. Rodriguez*:

> If the facts, objectively viewed, can only support a finding that the defendant had the same criminal intent with respect to each count, then the counts constitute the same criminal conduct. If the facts, objectively viewed, can only support a finding that the defendant had different criminal intents with respect to each count, then the counts constitute different criminal conduct. . . . If the facts are sufficient to support either finding, then the matter lies within the trial court's discretion, and an appellate court will defer "to the trial court's determination of what constitutes the same criminal conduct when assessing the appropriate offender score." *State v. Burns*, 114 Wn.2d at 317 [314, 788 P.2d 531 (1990)].

*State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868 (1991).

The majority opinion holds that the facts of this case are sufficient to support a finding that the defendant's "objective intent" was different with respect to each of the two acts found by the jury. It concludes that we should not disturb the trial court's exercise of discretion. Although the facts are also sufficient to support a finding that the defendant's "objective intent" was the same with respect to the two acts found by the jury, I concur that we should not disturb the trial court's exercise of discretion.

Despite concurring in what I understand to be the core of the majority's reasoning, I only partially concur in its discussion of *State v. Walden*. In *Walden*, Division One reversed the trial court's determination that counts 1 and 2 were based on separate criminal conduct. It expressly

recognized, however, that reversal was appropriate only for abuse of discretion or misapplication of the law. *Walden*, 69 Wn. App. at 188. It necessarily follows that Division One viewed the *Walden* record as sufficient to support *only* a finding of same criminal conduct. In contrast, the record in this case supports a finding of *either* (a) same criminal conduct or (b) separate criminal conduct. For that reason, *Walden* and this case are distinguishable.