

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 MAR 11 AM 9: 47

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,           )
                               )        No. 67658-0-I
            Respondent,        )
                               )        DIVISION ONE
      v.                       )
                               )
BOGDAN VASELEVEH FEDAS,        )        UNPUBLISHED OPINION
                               )
            Appellant.         )        FILED: March 11, 2013
_____)

BECKER, J. — Bogdan Fedas appeals his judgment and sentence for second degree burglary, theft of a motor vehicle, first degree theft, and second degree malicious mischief. He argues his four convictions encompassed the "same criminal conduct" and should have counted as a single crime in calculating his offender score at sentencing. We find no error in the court's exercise of its discretion to count the four convictions as three current offenses and affirm.

According to testimony at trial, when one of the owners of Metropolitan Appliance Store in Seattle, Washington, arrived to open the store on the morning of November 2, 2009, he discovered that it had been burglarized in the night. The alarm system was damaged, the office door was off its hinges, the 800-pound safe was missing from the office, and around $40,000 in high-end

appliances were gone. A delivery truck that was usually parked behind the store was missing as well.

The truck was discovered empty and abandoned in a parking lot later that day. Months later, police linked Fedas to the crime. A three-day trial was held, and the jury convicted Fedas as charged. The court entered concurrent, standard range sentences on the four convictions, totaling 33 months in prison. Fedas appeals, seeking a remand for resentencing.

## SAME CRIMINAL CONDUCT

Fedas contends the court erred in calculating his sentence. Under the Sentencing Reform Act of 1981, an offender's sentence range for each conviction is ordinarily calculated by counting "all other current and prior convictions as if they were prior convictions for the purpose of the offender score." RCW 9.94A.589(1)(a). The act provides an exception to this general rule if the court finds that some or all of the current offenses encompass the "same criminal conduct":

> Whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535. "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

2

RCW 9.94A.589(1)(a). All three prongs of the "same criminal conduct" definition must be met in order for the convictions to be counted as a single current offense. State v. Lessley, 118 Wn.2d 773, 778, 827 P.2d 996 (1992). In the absence of any one of them, the convictions will be counted separately. See Lessley, 118 Wn.2d at 778.

At sentencing, Fedas asked the court to count his four convictions as only one offense since each crime furthered a single criminal purpose: "to deprive Metropolitan Appliance from its property." The State conceded that the burglary and first degree theft counts were the same criminal conduct, but argued that the remaining convictions for stealing the delivery truck and dismantling the office door to remove the office safe were "crimes of opportunity based on what the burglars were able to access inside the business (vehicle keys, tools, the safe)."

The court adopted the State's reasoning. The court concluded that Fedas's original intent was "to break in and steal the appliances" and that he expanded his intent to include stealing the truck and the office safe only *after* breaking into the store.

> I did listen to the trial in this case and it was apparent to me that the intent of Mr. Fedas and his [compatriots] whom he has never bothered to help identify for anyone, that their intent was to break in and steal appliances. He appears to have a kind of a history of that. He broke into new homes and stole appliances and he broke into this appliance store and then in February 2010 he stole high-end barbecues and then tried to steal appliances. There is a consistent pattern that he had. *So it seems clear to me that his intent was to break in and steal the appliances. And then when he got there they found the car, they found the safe, and decided to expand their intent.* I would merge the burglary and the theft because I think those did involve the same criminal intent, but breaking outside of that and taking the van, destroying the door

3

frame, taking the safe -- that was clearly separate, opportunistic activities and I don't think it's fair to merge those and I am not going to do that.

(Emphasis added.) The court counted the burglary and first degree theft as one offense, and counted the other two convictions separately, totaling three current offenses. Fedas was sentenced to 33 months, at the bottom of the standard range.

A trial court's ruling on "same criminal conduct" is reviewed for abuse of discretion or misapplication of law. State v. Graciano, No. 86530-2, 2013 WL 376076 at *1 (Wash. Jan. 31, 2013). A trial court abuses its discretion only if no reasonable person would adopt the view espoused by the trial court. State v. Demery, 144 Wn.2d 753, 758, 30 P.3d 1278 (2001). Where reasonable persons could take differing views regarding the propriety of the trial court's actions, the trial court has not abused its discretion. Demery, 144 Wn.2d at 758.

We observe no abuse of discretion in the court's "same criminal conduct" analysis, which resulted in the four convictions being counted as three offenses for sentencing purposes. The record supports the court's conclusion that stealing the delivery truck and the office safe were not part of the burglars' original criminal intent when they broke into the store. A police detective testified that the burglars drove the delivery truck using keys taken from *inside* the business in a location not visible to customers; the keys had been hanging on a rack on the warehouse wall. A store owner testified that the office safe was not visible to the public, and the tools the burglars used to dismantle the office door

had also been found inside of the office.

Where the record supports a finding that the defendant, upon completing one crime, "had the time and opportunity to pause, reflect, and either cease his criminal activity or proceed to commit a further criminal act," the court does not abuse its discretion in counting the offenses separately at sentencing. State v. Grantham, 84 Wn. App. 854, 859, 932 P.2d 657 (1997). In Grantham, after the defendant raped the victim, he "had the presence of mind" to threaten his victim not to tell anyone about the assault, heard her plead with him to take her home, and then "had to use new physical force" by beating and kicking her to accomplish a second rape. Grantham, 84 Wn. App. at 859. Though the two rapes were committed against the same victim, in the same bedroom, and in short succession, the court did not abuse its discretion by concluding that the two rapes involved separate criminal intent. Grantham, 84 Wn. App. at 859-60. Both rape convictions were counted separately at sentencing.

The burglars here had the presence of mind to search for and discover the truck keys in the warehouse, the safe in the office, and a toolbox for dismantling the office door. They had to use new physical force to take the office door off its hinges and heft the 800-pound safe out of the office and into the truck—a task the store owner testified should have required much the same effort as was needed to bring the safe into the office: "five or six professional movers almost three hours and a lot of dollies and jerry-rigging." Testimony at trial showed that the theft must have required a number of hours to complete. The burglars had

ample time and opportunity to pause, reflect, and decide how far they would take the crime.

Fedas suggests it was unreasonable to view the theft of the delivery truck as separate from the original plan to steal appliances. He argues it is obvious that it would not have been possible to cart away $40,000 in appliances in his Ford van.[1] This argument assumes facts not in evidence. Nothing in the record establishes that Fedas's van was too small to transport appliances—indeed, police later discovered Fedas in that van outside of an appliance store late at night. Because the truck keys were located inside of the store warehouse, it was not unreasonable for the court to regard the truck theft as arising from a newly formed intent.

## BURGLARY ANTIMERGER STATUTE

As sentencing, the State asked the court to exercise its discretion under the burglary antimerger statute, RCW 9A.52.050, to count the four crimes separately even if the court concluded they were same criminal conduct. The antimerger statute affords trial courts discretion to separately punish other crimes arising out of a burglary:

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

---

[1] Fedas's white Ford econoline van with a black lift gate was discussed at trial at great length. A surveillance camera in the parking lot where the delivery truck was abandoned caught footage of a man stepping out of the delivery truck and being driven away from the scene by a van generally matching Fedas's.

RCW 9A.52.050. Crimes may be separately punished even where found to encompass the same criminal conduct under RCW 9.94A.589(1)(a). Lessley, 118 Wn.2d at 779-82.

The court's decision to treat the vehicle theft and malicious mischief convictions separately was an appropriate exercise of its discretion under this rule. Applying the statute, the court could have counted the first degree theft conviction separately as well, had it chosen to.

Fedas contends we should not consider the antimerger statute in this appeal because the trial court "decided that it would not apply the anti-merger statute, and it did not do so."[2] The record does not support this characterization. The State squarely asked the trial court to apply the antimerger statute to count the crimes separately. The court did not decline the State's request, and its oral ruling reflects that it considered it inappropriate to "merge" all of the convictions:

> I would merge the burglary and the theft because I think those did involve the same criminal intent, but breaking outside of that and taking the van, destroying the door frame, taking the safe . . . I don't think it's fair to merge those and I am not going to do that.

(Emphasis added.) The court's use of the term "merge" indicates that it agreed with the State that the antimerger statute was applicable. Fedas offers no argument that the trial court was barred from considering the statute at sentencing.

---

[2] Appellant's Brief at 10.

The sentencing decision was a proper exercise of the court's discretion.

Affirmed.

WE CONCUR:

Becker, J.

Cox, J.