IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 78568-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHARLES F. BOOME, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 12, 2019 |

SCHINDLER, J. — This is the second appeal in this case. In the first appeal, we affirmed the jury finding Charles F. Boome guilty of burglary in the first degree and rape in the first degree. In 2017, the Washington Supreme Court granted his personal restraint petition on calculation of the offender score and remanded for resentencing. Boome contends his attorney provided ineffective assistance on remand by not arguing the burglary in the first degree and rape in the first degree convictions constitute the same criminal conduct. Boome also challenges imposition of a number of community custody conditions and an ambiguous waiver provision in "Appendix H" of the judgment and sentence. We conclude Boome cannot establish ineffective assistance of counsel but remand to strike crime-related condition 1, mandatory condition 13, and the waiver provision in Appendix H and to modify conditions 10 and 12.

FACTS

The facts are fully set forth in State v. Boome, 164 Wn. App. 1040, 2011 WL 5517095, and will be repeated only as necessary.

Twenty-two-year-old E.H. met some friends at a bar near her apartment on the evening of April 26, 2007. E.H. was intoxicated when she walked to her apartment at approximately 1:00 a.m. and went to bed.

The next thing E.H. remembered was "waking up and discovering a man on top of her having sexual intercourse with her."[1] The man, later identified as Charles F. Boome, was forcibly holding E.H. down with his forearm. When Boome was done, he left the bedroom.

> E.H. lay in bed for a time, confused about what had happened. When she did not hear anyone leave the apartment, she removed the blunt end of a pool cue that she kept under her pillow and went out into the living room.[2]

Boome was standing in the living room. As E.H. used the pool cue to push him through the apartment door, Boome did not struggle with her but "grabbed her breast and asked when he could see her again."[3] After shutting and locking the door, E.H. went back to sleep.

Early the next morning, E.H. discovered the bathroom window was open and there was a footprint in the bathtub under the window. The landlord found a wooden table that had been moved from the carport to underneath E.H.'s bathroom window.

After talking to a friend, E.H. went to the hospital and reported the rape. The profile from the DNA[4] samples matched Charles F. Boome.

---

[1] Boome, 2011 WL 5517095, at *1.
[2] Boome, 2011 WL 5517095, at *1.
[3] Boome, 2011 WL 5517095, at *1.
[4] Deoxyribonucleic acid.

2

The State charged Boome with rape of E.H. in the first degree by forcible compulsion in violation of RCW 9A.44.040(1)(d) and burglary in the first degree, alleging that with intent to commit a crime against a person or property, Boome unlawfully entered or remained in the apartment and "in immediate flight therefrom," Boome "did intentionally assault any person therein, to-wit: EH," in violation of RCW 9A.52.020(1). Boome pleaded not guilty.

Boome testified sexual intercourse with E.H. was consensual. Boome said that afterward, he waited for E.H. in the living room. According to Boome, when E.H. came into the living room, he "hugged her, felt her breasts, and asked if he could see her again."[5] But "E.H. said no and led Boome out the back door."[6]

A jury found Boome guilty of rape in the first degree and burglary in the first degree. With an offender score of 4 for burglary in the first degree and 6 for rape in the first degree, the court imposed a high-end concurrent standard-range sentence of 216 months to life and a number of community custody conditions.

Boome appealed. Boome argued prosecutorial misconduct deprived him of a fair trial and the sentencing court did not have the statutory authority to impose certain community custody conditions. We affirmed the convictions but remanded to strike certain conditions.[7]

Boome filed a personal restraint petition (PRP), arguing insufficient evidence supported the conviction of burglary in the first degree and the court miscalculated his offender score. The court rejected the argument that insufficient evidence supported the burglary in the first degree conviction as without merit. The State conceded the

[5] Boome, 2011 WL 5517095, at *2.
[6] Boome, 2011 WL 5517095, at *2.
[7] Boome, 2011 WL 5517095, at *4-5.

3

offender score for the burglary conviction was 3 and the offender score for the rape conviction was 5. The court granted the PRP on the offender score only and remanded for resentencing.

On remand, the prosecutor asked the court to impose a sentence at the high end of the new standard range. Defense counsel requested the court to impose the low end of the standard sentence range based on Boome's "excellent" behavior while in custody. The court took into account Boome's "good behavior in prison," including "his charitable donations of his art," and imposed a mid-standard-range sentence and a number of community custody conditions.

## ANALYSIS

Boome seeks reversal of the judgment and sentence and a remand for resentencing. Boome contends his attorney provided ineffective assistance of counsel at the resentencing by not arguing that his convictions for rape in the first degree and burglary in the first degree constitute the same criminal conduct for purposes of sentencing.

We review ineffective assistance claims de novo. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). Both the state and federal constitutions guarantee criminal defendants the right to effective assistance of counsel. State v. Grier, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). To establish an ineffective assistance claim, a defendant must show deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Nichols, 161 Wn.2d 1, 8, 162 P.3d 1122 (2007).

Counsel's performance is deficient if it falls "below an objective standard of reasonableness." State v. Townsend, 142 Wn.2d 838, 843-44, 15 P.3d 145 (2001). To establish deficient performance, the defendant must show the absence of any conceivable legitimate tactic supporting counsel's action. Grier, 171 Wn.2d at 33. We strongly presume that counsel's performance was reasonable. Strickland, 466 U.S. at 690; State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). But failure to argue that several crimes encompass the same criminal conduct can constitute deficient performance. State v. Saunders, 120 Wn. App. 800, 824-25, 86 P.3d 232 (2004) (defense counsel's decision not to argue same criminal conduct as to the defendant's rape and kidnapping offenses constituted ineffective assistance).

To establish prejudice, the defendant must show there is a reasonable probability that but for the deficient performance, the outcome would have been different. Nichols, 161 Wn.2d at 8. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; State v. Jones, 183 Wn.2d 327, 339, 352 P.3d 776 (2015) ("reasonable probability" means "by less than a more likely than not standard").

We review a determination of what constitutes same criminal conduct for abuse of discretion or misapplication of the law. State v. Mutch, 171 Wn.2d 646, 653, 254 P.3d 803 (2011). A court abuses its discretion if the decision adopts a view that no reasonable person would take and is manifestly unreasonable or is based on untenable grounds or untenable reasons. State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012).

5

A court may consider current convictions involving the same criminal conduct as one crime for sentencing purposes. RCW 9.94A.589(1)(a). Offenses will count as the same criminal conduct only when they (1) "require the same criminal intent," (2) "are committed at the same time and place," and (3) "involve the same victim." RCW 9.94A.589(1)(a). Courts narrowly construe the same criminal conduct rule, and if any of the three elements are missing, each conviction must count separately in the calculation of the defendant's offender score. State v. Porter, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).

Here, there is no dispute that Boome committed rape in the first degree and burglary in the first degree at the same place and with the same victim. The parties dispute whether the criminal intent changed between the two crimes.

In determining same criminal intent, we consider how related the crimes are, whether there was a change in the objective criminal intent from one crime to the next, whether the crimes were part of the same scheme or plan, and whether one crime furthered the other. State v. Burns, 114 Wn.2d 314, 318, 788 P.2d 531 (1990); State v. Lewis, 115 Wn.2d 294, 301-02, 797 P.2d 1141 (1990). A new intent is formed if the evidence shows that the criminal acts " 'were sequential, not simultaneous or continuous.' " State v. Tili, 139 Wn.2d 107, 124, 985 P.2d 365 (1999) (quoting State v. Grantham, 84 Wn. App. 854, 859, 932 P.2d 657 (1997)). If the evidence shows the defendant had the " 'time and opportunity to pause, reflect, and either cease his criminal activity or proceed to commit a further criminal act,' " then objectively, the defendant formed a new independent criminal intent when he committed his next criminal act. Tili, 139 Wn.2d at 123-24 (quoting Grantham, 84 Wn. App. at 859).

Boome cannot show there is a reasonable probability the court would have found the rape in the first degree and burglary in the first degree convictions constituted the same criminal conduct. The record does not support his argument that he committed the burglary solely to commit the rape.

After Boome raped E.H. in the bedroom, he left and went into the living room. Boome did not leave the apartment. Boome unlawfully remained in the apartment. When E.H. went into the living room with the blunt end of a pool cue to force him out of the apartment, Boome assaulted her by grabbing her breast. The evidence establishes Boome had time to stop, reflect, and form a new intent before he assaulted E.H.

The record also shows the court would have applied the burglary antimerger statute. The antimerger statute affords trial courts discretion to punish separately other crimes arising out of a burglary:

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

RCW 9A.52.050. Crimes may be separately punished even where found to encompass the same criminal conduct under RCW 9.94A.589(1)(a). State v. Lessley, 118 Wn.2d 773, 781-82, 827 P.2d 996 (1992).

At the sentencing hearing, the court stated:

> I think the prosecutor is correct in characterizing this as perhaps the kind of crime that scares us all the most because it violates our safety in our home. . . . I'm not going to ignore the very serious nature of this crime. . . . I want to recognize the good behavior . . . . But I want to make clear that that's why I've deviated from the top of the range as the State asked and that's not in any way to minimize the seriousness of what you did . . . and how you hurt this woman.

We conclude Boome cannot establish prejudice by not arguing that the convictions for rape in the first degree and burglary in the first degree constitute the same criminal conduct.[8]

<u>Community Custody Conditions</u>

Boome also challenges imposition of a number of community custody conditions. Boome challenges the following "crime-related" community custody condition:

> (1)  Avoid all contact with minors, except for defendant's own children who may visit the defendant while he is incarcerated under DOC[9] supervision.

Boome challenges the following mandatory community custody conditions in "Appendix H":

> (10)  Submit to sexual history and <u>periodic polygraphs and/or plethysmograph assessments</u> at own expense <u>as directed by the Department of Corrections</u> and Therapist;
>
> . . . .
>
> (12)  Do not use or possess sexually explicit material in any form <u>as described by treatment provider</u>, including [I]nternet use and possession;
>
> (13)  Do not date people or form relationships with people who are less than 20 percent of your age.  You shall discuss with your therapist and/or community corrections ahead of time, your wish to escalate the relationship into sexual activity and obtain your therapist and/or CCO's[10] approval.  Your partner shall participate in treatment.

We review community custody conditions for an abuse of discretion and reverse only if manifestly unreasonable.  <u>State v. Nguyen</u>, 191 Wn.2d 671, 678, 425 P.3d 847 (2018).

---

[8] Boome raises the same ineffective assistance of counsel claim in his statement of additional grounds.  We need not consider issues already addressed by appellate counsel in briefing on appeal. <u>State v. Meneses</u>, 149 Wn. App. 707, 715-16, 205 P.3d 916 (2009).

[9] Department of Corrections.

[10] Community corrections officer.

Boome argues we should strike condition 1 prohibiting him from having contact with minors and condition 13 prohibiting relationships with people less than 20 percent of his age as not crime-related and vague.

A "crime-related prohibition" is defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). A court does not abuse its discretion if there is a "reasonable relationship" between the crime of conviction and community custody condition. Nguyen, 191 Wn.2d at 684.

The State concedes the court should strike condition 1 and condition 13 because the crimes did not involve a minor. The State also concedes the language of condition 13 is not clear as to the age of a person Boome is prohibited from dating and the court did not have the authority to order sexual partners to engage in treatment. See State v. Warnock, 174 Wn. App. 608, 611-12, 299 P.3d 1173 (2013). We accept the State's concessions as well taken.

Boome argues that requiring plethysmograph testing at the discretion of DOC is unconstitutional. The State concedes that a portion of the condition should be stricken. We accept the State's concession as well taken. State v. Land, 172 Wn. App. 593, 605, 295 P.3d 782 (2013).

Boome asserts the language of condition 12 prohibiting him from possessing sexually explicit material "as described by treatment provider" is unconstitutionally vague. The State concedes the phrase "as described by treatment provider" should be stricken from condition 12 because it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement. See State v. Bahl, 164 Wn.2d 739,

752-53, 758, 193 P.3d 678 (2008); State v. Irwin, 191 Wn. App. 644, 654, 364 P.3d 830 (2015). We accept the concession as well taken.[11]

The "Appendix H Community Placement/Custody" states, "WAIVER: The following above-listed mandatory conditions are waived by the Court." But there are no conditions listed following the waiver provision. The State concedes the waiver provision is ambiguous and should be stricken. We agree.

We conclude Boome cannot establish ineffective assistance of counsel by failing to argue at resentencing that burglary in the first degree and rape in the first degree constitute the same criminal conduct. We remand to strike crime-related condition 1, mandatory condition 13, and the waiver provision of Appendix H and to modify conditions 10 and 12.

WE CONCUR:

---

[11] The prohibition on sex offenders from possessing "sexually explicit material" is not unconstitutionally vague. Nguyen, 191 Wn.2d at 680-81.