# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 82858-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ALEXSAIR FARIAS-SOLORIO, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, J. — Alexsair Farias-Solorio appeals his conviction for two counts of third degree rape. Farias-Solorio argues that the trial court erred in concluding that the two counts of third degree rape were not the same criminal conduct. Farias-Solorio also raises several issues in his statement of additional grounds (SAG). We affirm.[1]

## FACTS

Farias-Solorio and C.L. became friends after performing together at the Fifth Avenue Theater. In March 2018, C.L., then 17, sought advice from Farias-Solorio, then 18, about a recent breakup with her boyfriend. On March 13, 2018, Farias-Solorio and

---

[1] On January 5, 2022, Farias-Solorio moved to remand to the trial court to set bail on appeal. Farias-Solorio's motion argues in large part that were he not granted an appeal bond then he may serve a longer sentence than would be imposed for a single count of third degree rape. Because we affirm the trial court's conviction for both counts of third degree rape and the corresponding sentence, we deny Farias-Solorio's motion for remand.

Citations and pin cites are based on the Westlaw online version of the cited material.

C.L. met at a Starbucks in downtown Seattle. After meeting, Farias-Solorio offered C.L. a ride home.

C.L. testified to the following: Farias-Solorio parked on the street near C.L.'s home and, after asking if she was on birth control, coaxed her into the backseat of his vehicle where they began to kiss. C.L. told Farias-Solorio that she did not want to have sex, but he removed her clothing and put his fingers inside her vagina. C.L. told Farias-Solorio no, but he put his penis inside her, his hands on her throat and, despite C.L. struggling, ejaculated inside her.

After Farias-Solorio withdrew his penis, C.L. told him "I said no. I said no," to which he responded, "you said no, but your body told me yes." Farias-Solorio put his pants and shirt back on and C.L. put on her shirt. Farias-Solorio asked if C.L. wanted to have sex again so that she could say yes; C.L. declined. After some conversation, Farias-Solorio held C.L.'s hands above her head, telling her that what he was about to do would make her feel better. Farias-Solorio put his penis inside C.L. a second time, maintaining her hands above her head while she told him no. Farias-Solorio eventually stopped, withdrew his penis, and handed C.L. her clothes. C.L. returned to her home where she received a text message from Farias-Solorio saying, "I'm sorry. It's not your fault. We'll never do that again."

The State charged Farias-Solorio with third degree rape under RCW 9A.44.060(1)(a). Before trial, the State amended the information to include a second count of third degree rape. A jury found Farias-Solorio guilty as charged. The sentencing court imposed a sentence of 17 months on each count to run concurrently.

Farias-Solorio appeals.

## ANALYSIS

### A. Same Criminal Conduct

Farias-Solorio argues that the trial court erred in concluding that the two counts of third degree rape were not the same criminal conduct. We disagree.

We review a sentencing court's resolution of a same criminal conduct claim for an abuse of discretion or misapplication of the law. State v. Graciano, 176 Wn.2d 531, 535, 295 P.3d 219 (2013). Crimes constitute the "same criminal conduct"[2] when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a); Graciano, 176 Wn.2d at 536; see also State v. Grantham, 84 Wn. App. 854, 932 P.2d 657 (1997) (affirming the trial court's conclusion that two crimes were committed when the defendant "had the time and opportunity to pause, reflect, and either cease his criminal activity or proceed to commit a further criminal act."). It is Farias-Solorio's burden to prove that the two counts of third degree rape comprise the same criminal conduct. Graciano, 176 Wn.2d at 539. Farias-Solorio fails to meet this burden.

In resolving Farias-Solorio's same criminal conduct claim, the trial court stated:

> Farias-Solorio indeed had time to pause and reflect on his criminal act. In fact, he even had a conversation with [C.L.] about the first rape, justifying his actions. And it is abundantly clear that . . . Farias-Solorio was faced with a choice in that moment of either ceasing the activity or proceeding, and he made the choice to proceed, thus forming a new intent and committing a new criminal act.

---

[2] A "same criminal conduct" determination affects Farias-Solorio's standard range sentence by altering his offender score, which is calculated by adding a specified number of points for each prior offense. RCW 9.94A.525. For purposes of this calculation, current offenses are treated as prior convictions. RCW 9.94A.589(1)(a). If the sentencing court enters a finding that some or all of the current offenses encompass the same crime, however, then those current offenses are counted as one crime for calculating the offender score. RCW 9.94A.589(1)(a).

The trial court did not abuse its discretion. The record shows that Farias-Solorio indeed had time to reflect on his actions between sexual assaults, thus forming a new intent. After Farias-Solorio ejaculated inside C.L., she told him that she had not wanted the sexual contact—to which he replied that her body said she did. The two put their clothes back on and sat in the seat talking; Farias-Solorio also changed body positions. Farias-Solorio took the time to remove his pants again, telling C.L. that additional intercourse would make her feel better before holding C.L.'s hands above her head throughout the second assault. The elapsed time and Farias-Solorio's actions show that he formed a new intent to commit a new criminal act; the trial court did not abuse its discretion in coming to this conclusion.

B. Statement of Additional Grounds

Farias-Solorio raises several issues in his SAG, including: the jury wasn't paying attention on Zoom during voir dire, the prosecutor committed misconduct, the officer who examined C.L. did not photograph the full text message exchange between Farias-Solorio and C.L., the jury should have been allowed to consider that Farias-Solorio had committed no prior crimes, and C.L.'s mother was permitted to offer testimony in the form of an opinion regarding his guilt. None but Farias-Solorio's argument concerning the testimony of C.L's mother have merit.

Farias-Solorio asserts that C.L.'s testimony constituted an impermissible opinion on guilt and the trial court erred by overruling defense counsel's objections. We agree, but conclude that the error was harmless.

Under ER 704, "opinion testimony is not objectionable merely because it embraces an ultimate issue that the jury must decide." City of Seattle v. Levesque, 12

-4-

Wn. App. 2d 687, 708, 460 P.3d 205 (2020) (quoting State v. Quaale, 182 Wn.2d 191, 197, 340 P.3d 213 (2014)). Generally, however, "no witness may offer testimony in the form of an opinion regarding the guilt or veracity of the defendant; such testimony is unfairly prejudicial to the defendant because it invades the exclusive province of the jury." Levesque, 12 Wn. App. 2d at 708 (quoting State v. Demery, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001)). "When opinion testimony that embraces an ultimate issue is inadmissible in a criminal trial, the testimony may constitute an impermissible opinion on guilt." Quaale, 182 Wn.2d at 197. To determine if testimony is an impermissible opinion on guilt, we weigh the following factors: "(1) the type of witness involved, (2) the specific nature of the testimony, (3) the nature of the charges, (4) the type of defense, and (5) the other evidence before the trier of fact." State v. Montgomery, 163 Wn.2d 577, 591, 183 P.3d 267 (2008) (quoting Demery, 144 Wn.2d at 759). Admission of impermissible testimony on guilt may result in constitutional error and support reversal. Quaale, 182 Wn.2d at 201-02.

Here, C.L.'s mother's testimony was an impermissible opinion on guilt. C.L.'s mother made multiple statements referring to Farias-Solorio as a rapist, and the incident in his backseat as a rape including: "so the weekend that [C.L.] got raped; because [C.L.] had been raped; of course I wasn't in the car while [Farias-Solorio] raped [C.L.]." These statements were made by the victim's mother and were accusatory of Farias-Solorio's actions and presumptive of the crime. The allegations of third degree rape were serious, and Farias-Solorio's defense was that his interactions with C.L. were consensual. While there was additional evidence in front of the jury, the circumstances

surrounding the testimony lead us to conclude that the testimony was an impermissible opinion on guilt. Demery, 144 W.2d at 759.

Because C.L.'s mother's testimony invaded the province of the jury to determine Farias-Solorio's guilt and thus violated his constitutional right to a fair trial, "we apply the constitutional harmless error standard." State v. Hudson, 150 Wn. App. 646, 656, 208 P.3d 1236 (2009). In a constitutional harmless error analysis, we presume prejudice. Hudson, 150 Wn. App. at 656. A "constitutional error is harmless only if the State establishes beyond a reasonable doubt that any reasonable jury would have reached the same result absent the error." Quaale, 182 Wn.2d at 202.

The admission of the mother's testimony was harmless. Primarily, the mother's opinion on guilt likely carried little weight with the jury. The record is clear that she had no direct knowledge of what happened during Farias-Solorio and C.L.'s interaction. On cross-examination, C.L.'s mother conceded that she did not witness the assault, nor was she in Farias-Solorio's vehicle when it occurred. C.L.'s mother's comments on Farias-Solorio's guilt were a demonstration of her support and belief in her daughter; they otherwise contained no personal knowledge of the alleged crime. The State has established beyond a reasonable doubt that the jury would have reached the same result absent the admission of this testimony.

The remainder of Farias-Solorio's claims lack support. While RAP 10.10(c) does not require a SAG to include references to the record and citations to authorities, the rule also states that we will not consider a SAG for review if it does not inform us of the nature and occurrence of the alleged errors. RAP 10.10(c). Further, we are not obligated to search the record in support of Farias-Solorio's claims. RAP 10.10(c);

State v. Griepsma, 17 Wn. App. 2d 606, 623, 490 P.3d 239 (2021).  Farias-Solorio fails to explain and support the remainder of his claims.

Affirmed.

_____
Mann, J.

WE CONCUR:

_____          _____