

**FILED**
Jul 22, 2025
COURT OF APPEALS
DIVISION III
STATE OF WASHINGTON

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40113-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATCHARIN MAY MARVIN | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — RCW 9.96.060 allows an offender to apply to the superior court to vacate convictions, except that the court lacks authority to vacate two or more convictions stemming from domestic violence that do not arise from a single incident. The superior court denied Patcharin Marvin's motion to vacate two convictions for domestic violence violation of a no-contact order stemming from occurrences in October 2015 and March 2016. Marvin contends that the convictions both related to an ongoing divorce such that they ascended from one incident. We disagree and affirm the superior court.

## FACTS

Patcharin and Theodore Marvin were married for fourteen years. We refer to Patcharin as "Marvin" and Theodore as "Theodore." The couple begot one son.

At some unknown date, Marvin and Theodore began discussing divorce.  On September 26, 2015, Marvin reminded Theodore of her desire for a divorce.  An ensuing argument led to their pushing one another.  On September 28, the West Klickitat County District Court issued a no-contact order, which prohibited Marvin from contact with Theodore or their son for two years.  Theodore thereafter filed for divorce.

In October 2015, the State charged Marvin, in the West Klickitat County District Court, with violating the no-contact order in citation number 5Z0994828.  The State arraigned Marvin on the charge on November 4, 2015.  On April 15, 2016, the State, in citation number 6Z0300831 charged Marvin, in the West Klickitat County District Court, with a second violation of the no-contact order.  The district court arraigned Marvin on the charge on April 27, 2016.

On April 29, 2016, the State charged Marvin, in Klickitat County Superior Court, with one count of stalking, with a domestic violence appendage, and one count of cyberstalking.  The information identified the incident dates for these crimes as occurring between March 25, 2016, and April 20, 2016.  On July 18, 2016, the State amended its information, in the superior court prosecution, to add two counts of violation of a protection order with a domestic violence appellation.  The State charged both counts as gross misdemeanors.  The amended information reflected the charging date for count one as March 25, 2016, and the charging date for count two as October 25, 2015.  We do not

know if the two added counts of violation of a no-contact order replaced the two charges previously filed in district court.

On July 18, 2016, Marvin, in the superior court prosecution, pled guilty to the two counts of violation of a no-contact order. On July 20, 2016, the dissolution court dismissed Marvin's charges for violation of a no-contact order in citation numbers 5Z0994828 and 6Z0300831. We do not know the disposition of the charges for stalking and cyberstalking in superior court.

PROCEDURE

Patcharin Marvin filed a motion to vacate her two July 18, 2016, convictions for violating a no-contact order under RCW 9.96.060. The trial court denied Marvin's motion to vacate. The court reasoned that the respective crimes occurring on October 25, 2015, and March 25, 2016, as charged in the amended information, did not arise out of a single incident for the purposes of the statute.

LAW AND ANALYSIS

This appeal raises only one question: whether Marvin's two convictions for violation of a no-contact order, which involved domestic violence, arose from the same incident within the meaning of RCW 9.96.060. Marvin argues that, because both of her convictions were directly related to the divorce proceedings, they arose out of a single incident. Therefore, under RCW 9.96.060, the trial court erred when denying the motion

3

to vacate.

The protracted statute, RCW 9.96.060(f)(ii), declares in relevant part:

> (2) Every person convicted of a misdemeanor or gross misdemeanor offense may apply to the sentencing court for a vacation of the applicant's record of conviction for the offense. If the court finds the applicant meets the requirements of this subsection, the court may in its discretion vacate the record of conviction. Except as provided in subsections (3), (4), (5), and (6) of this section, an applicant may not have the record of conviction for a misdemeanor or gross misdemeanor offense vacated if any one of the following is present:
> . . . .
> (f) The applicant was convicted of a misdemeanor or gross misdemeanor offense as defined in RCW 10.99.020, or the court determines after a review of the court file that the offense was committed by one family or household member against another or by one intimate partner against another, or the court, after considering the damage to person or property that resulted in the conviction, any prior convictions for crimes defined in RCW 10.99.020, or for comparable offenses in another state or in federal court, and the totality of the records under review by the court regarding the conviction being considered for vacation, determines that the offense involved domestic violence, and any one of the following factors exist:
> . . . .
> (ii) *The applicant has two or more domestic violence convictions stemming from different incidents*. For purposes of this subsection, however, if the current application is for *more than one conviction that arose out of a single incident*, none of those convictions counts as a previous conviction.

(Emphasis added).

Patcharin Marvin blames the divorce proceeding on the no-contact order being issued and her violations of the no-contact order. She then argues that her two

convictions for domestic violence qualified as one incident because both crimes resulted from "the same 'discrete' overarching incident." Br. of Appellant at 7. The State argues that interpreting "single incident" to encompass two gross misdemeanors that were charged separately and that occurred five months apart would lead to a silly result.

The controlling statute, RCW 9.96.060(2)(f)(ii), does not define the governing phrase "single incident." Washington courts have yet to address the meaning of the term. Therefore, we employ principles of statutory interpretation.

We interpret a statute to implement the legislature's intent. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). We employ common dictionary definitions for undefined common statutory terms. *Michaels v. CH2M Hill, Inc.*, 171 Wn.2d 587, 601, 257 P.3d 532 (2011). We may also utilize *Black's Law Dictionary*. *May v. Spokane County*, 16 Wn. App. 2d 505, 514 n.5, 481 P.3d 1098 (2021). Both parties rely on the definition of "incident" found in *Black's Law Dictionary* (2nd Pocket Ed. 2009). That dictionary defines an "incident" as a "discrete occurrence or happening." BLACK'S LAW DICTIONARY at 377.

We conclude that Patcharin Marvin's two convictions did not arise from one discrete occurrence. The two convictions arose from violating a court order on two occasions separated by five months. No facts suggest that Marvin continued in disobedience of the order, or remained in permanent contact with Theodore, from

October 2015 to March 2016. Marvin's argument stretches the ordinary understanding of the term "single incident."

Marvin asks this court to construe an "incident" to include two episodes of the same criminal conduct. She insists that, because she was so involved in maintaining a healthy co-parenting relationship with Theodore in the months separating her two convictions, she lacked the time and opportunity to reflect and cease her criminal activity. As a result, the two domestic violence convictions formed the same criminal conduct and thus arose out of a single incident. Marvin relies on *State v. Grantham*, 84 Wn. App. 854, 932 P.2d 657 (1997) to support her argument. The State also relies on *State v. Grantham* to argue Marvin's convictions did not comprise the same criminal conduct and therefore did not arise out of a single incident. Both cases involve application of RCW 9.94A.589's same criminal conduct test for purposes of sentencing, not RCW 9.96.060(2)(f)(ii)'s use of the term "single incident."

In *State v. Grantham*, a jury convicted James Grantham of two counts of second-degree rape against the same victim. Both rapes occurred on the same night. After the first rape, the defendant and victim engaged in a verbal and physical altercation. Then, the second rape occurred. In sentencing the defendant, the trial court found that the two rapes did not constitute the same criminal conduct. The defendant appealed, arguing the

two crimes constituted the same criminal conduct under former RCW

9.9A.400(1)(a)(2000), now codified at RCW 9.94A.589.

In *State v. Grantham*, this court acknowledged that crimes were committed against

the same victim and in the same location, but they did not occur simultaneously.

Therefore, the question before this court was whether the evidence establishing the gap in

time between each rape, the altercation that occurred during that gap in time, and the

different methods of rape used sufficed to support a finding that the crimes did not take

place at the same time and that the defendant formed a new criminal intent when he raped

the victim for the second time. Based on this evidence, this court determined that the trial

court reasonably ruled that the defendant, during the gap between the two rapes, had the

time and opportunity to pause and reflect before either ceasing his criminal activity or

proceeding to commit another criminal act. Because he chose to commit another criminal

act, the defendant formed a new intent to commit the second rape. This court affirmed

the trial court's finding that the two rapes did not comprise the same criminal conduct.

Although not directly on task, *State v. Grantham* weighs in favor of concluding

that Patcharin Marvin's two convictions did not arise from a single incident. Marvin

enjoyed ample time between October 2015 and March 2016 to reflect on whether to

violate the no-contact order again.

CONCLUSION

We affirm the superior court's denial of Patcharin Marvin's motion to vacate,

under RCW 9.96.060, her two convictions for violation of a no-contact order.

_____
Fearing, J.

WE CONCUR:

_____
Cooney, J.

_____
Murphy, J.